**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Lugo,            Plaintiff, vs. Charles Ryan, et al.,            Defendants. | No. 04-CV-2316-PHX-FJM **ORDER** |

The court has before it defendant Woolsey's Non-Enumerated Rule 12(b) Motion to Dismiss for the Failure to Exhaust Administrative Remedies, or in the Alternative, Motion for Summary Judgment (doc. 13).[1]  Plaintiff did not file a response.

Plaintiff, an inmate in the custody of the Arizona Department of Corrections, filed this action under 42 U.S.C. § 1983 against Charles Ryan and G. Woolsey for violations of his Eighth Amendment rights. Plaintiff claims that he suffers from mental illness, that he was

---

[1] "In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003). "[I]f the district court looks beyond the pleadings to a factual record . . . –a procedure closely analogous to summary judgment–then the court must assure that [the plaintiff] has fair notice of his opportunity to develop a record. Wyatt v. Terhune, 315 F.3d 1108, 1120 n. 14 (9th Cir. 2003). The plaintiff was given such notice in the Order dated September 16, 2005 (doc. 15).

1  threatened by fellow inmates because of his mental illness, that he therefore requested to be
2  moved to protective segregation, that this request was denied, that he was subsequently
3  beaten by fellow inmates and his foot was broken, and that he submitted a request for
4  administrative relief on these claims and appealed the denial to the highest level. Complaint
5  at 4. Defendant Woolsey moves to dismiss, arguing that plaintiff failed to exhaust his
6  administrative remedies. Motion to Dismiss at 1.

7  "No action shall be brought with respect to prison conditions under [42 U.S.C. §
8  1983], or any other Federal Law, by a prisoner confined in any jail, prison, or other
9  correctional facility until such administrative remedies as are available are exhausted." 42
10 U.S.C. § 1997e(a). An inmate at an Arizona Department of Corrections facility is subject
11 to the Inmate Grievance System, which permits an inmate to raise concerns with regard to
12 numerous matters, including staff, institutional procedures, medical care and conditions of
13 confinement. Statement of Facts, Exhibit 6 (Departmental Order 802) at 2. To exhaust the
14 administrative remedies available under the Inmate Grievance System, an inmate must file
15 an informal inmate letter, a formal grievance, an appeal to the warden, and an appeal to the
16 director. Id. at 5-7. The informal inmate letter must begin with the following statement: "I
17 am attempting to informally resolve the following problem." Id. at 5. When complaining
18 with regard to a staff person, the grievance procedure is the same, except that the formal
19 grievance is forwarded directly to the warden. Id. at 9.

20 Plaintiff wrote a series of inmate letters asserting that he wanted protection, that he
21 wanted to be transferred to the mental health unit, that he believed that his life was
22 endangered by the Department of Corrections, and that he wanted to file a lawsuit. Separate
23 Statement of Facts, Exhibits 3, 5, 8, 10. Plaintiff did not begin his letters with the statement,
24 "I am attempting to informally resolve the following problem." However, even if those
25 letters were considered informal complaints for purposes of the grievance procedure, plaintiff
26 failed to file a formal grievance, or any appeal, Separate Statement of Facts, Exhibit B
27 (Affidavit of Cheryl Dossett) at 1-2, and accordingly, failed to exhaust the available
28 administrative remedies.

1       Moreover, plaintiff's failure to respond to the motion to dismiss serves as an additional, independent reason to grant the motion. Failure to respond to a motion "may be deemed a consent to the . . . granting of the motion, and the Court may dispose of the motion summarily." LRCiv 7.2(i).

      Accordingly, **IT IS ORDERED GRANTING** defendant Woolsey's motion to dismiss (doc. 13).

      All claims having been dismissed, the clerk is directed to enter final judgment for defendants.

      DATED this 19th day of January, 2006.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge